UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
SOUTH OZONE PARK CIVIC ASSOCIATION
WEST, INC., ET AL.,

                Plaintiffs,

    - against -

KAD OF QUEENS, LLC, ET AL.,

                Defendants.
----------------------------------------------------------x

MEMORANDUM AND ORDER

15 Civ. 2840 (ILG) (LB)

GLASSER, Senior United States District Judge:

Plaintiffs South Ozone Park Civic Association West, Inc. ("SOPCAW"), South Ozone Park residents George Savich, Yudraj Tiwari, and Cynthia Soria, on behalf of themselves and all others similarly situated, bring this action against Defendants KAD of Queens, LLC ("KAD"), Episcopal Social Services, d/b/a Sheltering Arms Children and Family Services ("Sheltering Arms"), and the City of New York ("City"), alleging violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq., and New York law. Plaintiffs seek to enjoin Defendants from opening a residential facility for juvenile offenders in South Ozone Park, Queens. Defendants[1] move to dismiss the Complaint pursuant to Rule 12(b)(6). For the reasons set forth below, the motions are GRANTED.

## BACKGROUND

---

[1] In a declaration submitted in Opposition to Sheltering Arms' motion, counsel for Plaintiffs asked the Court to find that KAD defaulted in this action, claiming that it failed to timely respond to the Complaint. Dkt. No. 19, ¶ 3. Pursuant to Federal Rule of Civil Procedure 81, KAD was required to respond to the Complaint by May 22, 2015. KAD joined in co-defendant Sheltering Arms' motion to dismiss on May 26, 2015. This brief delay by KAD in filing a response to the Complaint does not warrant entry of default. See Sibley v. Choice Hotels Int'l, Inc., 304 F.R.D. 125, 131 (E.D.N.Y. 2015).

The following facts are taken from the Complaint and presumed to be true. The City, through its Administration for Children's Services, has contracted with Defendant Sheltering Arms to construct and operate a residential facility at 133-23 127th Street in South Ozone Park, which will house up to 18 adjudicated juvenile delinquents. Compl. ¶¶ 5-6, 20-23. The facility is one of six "limited secure placement" residences which the City has been authorized to open pursuant to New York State's "Close to Home" legislation. Id. ¶ 20. This legislation seeks to ensure that juvenile delinquents—who would otherwise reside in State-run facilities in upstate New York—receive rehabilitative services near their families in New York City. Id. ¶¶ 20, 22. The individual Plaintiffs are homeowners and tenants residing near the planned facility. Id. ¶ 35. Plaintiff SOPCAW is comprised of approximately 100 South Ozone Park residents. Id. ¶ 36.

Sheltering Arms has leased the site of the planned facility from Defendant KAD, the current property owner. Id. ¶¶ 5-6. The property was previously owned by the Roman Catholic Church of St. Anthony of Padua ("the Church"). Id. ¶ 14. On February 23, 2010, the Church conveyed the property by deed to a Mr. Patrick Khan. Id. The conveyance, it is alleged, was subject to a restrictive covenant prohibiting the use of the property to "provid[e] any counseling or advice relati[ng] to abortions, birth control or euthanasia." Id. ¶ 15. On June 24, 2014, Mr. Khan conveyed the property to KAD. Id. ¶ 18. Plaintiffs allege that the Church's restrictive covenant was intended to run with the land and is now binding on Defendants. Id. ¶¶ 16, 43. They assert that the sexual health education curriculum required by New York State to be taught to residents at the facility would violate this covenant. Id. ¶ 26. The Complaint also alleges "several glaring compliance issues" with the planned facility, including limited access points for

2

"disabled youth offenders/and or their family members." Id. ¶ 34, n.4. None of the Plaintiffs is alleged to be disabled.

On April 21, 2015, Plaintiffs filed a Complaint in the New York State Supreme Court for Queens County seeking to permanently enjoin[2] the construction and operation of the facility on the grounds that (1) the facility does not comply with the accessibility requirements of the ADA and New York City Zoning Regulations, and (2) the planned health education program would violate the Church's restrictive covenant. Dkt. No. 1.

On May 15, 2015, Defendants[3] removed the action to this Court on the basis of federal question jurisdiction. Id. On May 22, 2015, Sheltering Arms filed its motion to dismiss, which KAD joined. Dkt. Nos. 10, 14. Plaintiffs opposed the motion on July 6, and Sheltering Arms replied on July 22, 2015. Dkt. Nos. 20, 25. The City filed its motion to dismiss on July 13, 2015. Dkt. No. 23. Plaintiffs opposed the City's motion on July 27 and the City replied on July 30, 2015. Dkt. Nos. 27, 28.

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Although detailed factual allegations are not necessary, mere legal conclusions, or "a formulaic recitation of the elements of a cause of action," by the plaintiff will not suffice. Id. (internal quotations and citations omitted). This Court must accept as true all of the allegations

---

[2] Plaintiffs requested a preliminary injunction for the first time in their Opposition, but did not file a motion pursuant to Fed. R. Civ. P. 65 or submit any evidence to the Court in support of the request.

[3] On July 10, 2015, the Court granted the City's motion to intervene as a Defendant. Dkt. No. 22.

made in the complaint and draw all reasonable inferences in the plaintiff's favor. Matson v. Bd. of Educ. of the City Sch. Dist. of N.Y., 631 F.3d 57, 63 (2d Cir. 2011).

## DISCUSSION

I. **ADA Claim for Injunctive Relief**

Defendants argue that Plaintiffs lack standing to sue under the ADA.[4] The ADA grants a private right of action to individuals who are subject to discrimination "on the basis of disability" or who have "reasonable grounds for believing" that they will be. Access 4 All, Inc. v. Trump Int'l Hotel & Tower Condo., 458 F. Supp. 2d 160, 170 (S.D.N.Y. 2006) (quoting 42 U.S.C. § 12188(a)(1)). Plaintiffs must allege three elements to establish Article III standing: (1) an "injury in fact" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical"; (2) "a causal connection between the injury and the conduct complained of"; and (3) redressability of the injury by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-65 (1992).

There are no allegations that Plaintiffs have sustained or will sustain a concrete and particularized injury with respect to the facility's lack of access points for disabled individuals. Furthermore, the law is clear that they have no standing to sue on behalf of a hypothetical group of "disabled youth offenders and/or their family members." Compl. ¶ 34; Lujan, 504 U.S. at 560. Accordingly, the ADA claim is dismissed.

Plaintiffs have requested leave to amend their Complaint in the event the Court grants Defendants' motions to dismiss. Plaintiffs cannot remedy their lack of standing to sue under the ADA with additional factual allegations. Thus, amendment would be

---

[4] Plaintiffs did not respond to Defendants' standing argument or provide any support for their ADA claim.

4

futile and the ADA claim is dismissed with prejudice. See Hunt v. Alliance N. Amer. Govt. Income Trust, Inc., 159 F.3d 723, 728 (2d Cir. 1998).

## II. State Law Claims

Having dismissed the ADA claim, the Court declines to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3). It would be error for the Court to retain jurisdiction over the state law claims where the federal claim is dismissed and leaves the Court with no jurisdiction. See Dunton v. Suffolk Cnty., 729 F.2d 903, 911, amended on other grounds, 748 F.2d 69 (2d Cir. 1984). Therefore, the Court dismisses the state law claims without prejudice to their renewal in state court.

## CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss the ADA claim are GRANTED. The state law claims are dismissed without prejudice. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated:     Brooklyn, New York
           August 17, 2015

/s/_____
I. Leo Glasser
Senior United States District Judge